UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES
OF THE TILE LAYERS LOCAL UNION 52
PENSION FUND, and TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,

                    **MEMORANDUM & ORDER**
                    24-CV-7567 (MKB) (VMS)

             Plaintiffs,

      v.

TOP STONE & TILE, INC.,

             Defendant.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund (the "Welfare Fund"),

Trustees of the Local 7 Tile Industry Annuity Fund (the "Annuity Fund"), Trustees of the Tile

Layers Local Union 52 Pension Fund (the "Local Pension Fund"), and Trustees of the

Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund")

commenced this action against Defendant Top Stone & Tile, Inc. ("Defendant") on October 29,

2024.  (Compl., Docket Entry No. 1.)  Plaintiffs allege that Defendant violated the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and

the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 141 *et seq.* ("LMRA")

by failing to pay its ERISA and LMRA contributions as outlined in the Collective Bargaining

Agreement ("CBA").  (*Id.* ¶¶ 12(3) –17(2), 18(2)–23.)[1]  On February 6, 2025, Plaintiffs

---

[1] The Complaint contains multiple paragraphs with the same number.  The Court refers to the paragraphs as paragraphs one, two and three respectively.  (Compl. 4–6.)

requested a certificate of default against Defendant, (Pls.' Req. for Certificate of Default, Docket Entry No. 9), and on February 25, 2025, the Clerk of Court entered default.  (Clerk's Entry of Default, Docket Entry No. 12.)  On March 27, 2025, Plaintiffs moved for default judgment against Defendant, (Pls.' Mot. for Default J., Docket Entry No. 13), and on March 28, 2025, the Court referred the motion to Magistrate Judge Vera M. Scanlon.  (Order dated Mar. 28, 2025.)

By Report and Recommendation dated August 15, 2025, Judge Scanlon recommended that the Court grant in part and deny in part Plaintiffs' motion.  (Report & Recommendation ("R&R") 2, Docket Entry No. 21.)  Judge Scanlon also instructed Plaintiffs to file a proposed judgment consistent with the R&R.  (*Id.*)  Plaintiffs subsequently filed a proposed judgment, consistent with the R&R.  (Docket Entry No. 24.)  On January 30, 2026, Judge Scanlon issued a Supplemental Report and Recommendation, (Supplemental Report & Recommendation 2 ("Supplemental R&R"), Docket Entry No. 26), recommending that the Court enter judgment against Defendant as set forth in the proposed judgment attached as Exhibit A to the Supplemental R&R.

The Court adopts the R&R and the Supplemental R&R.

## I.  Discussion

In the R&R, Judge Scanlon recommended that "all of the relief requested by Plaintiffs be granted, with the exceptions of an award of delinquent contributions and interest to the 'IU Pension Surcharge' and 'IMI,' an award of liquidated damages to 'IU Pension Surcharge,' and the full amount of the attorneys' fees requested."[2]  (R&R 2.)  In the R&R, Judge Scanlon noted that "Plaintiffs' audit report denotes claimed deficiencies for 'IU Pension Surcharge' and 'IMI.'"  (*Id.* at 13 n.12.)  She specified that the Complaint did not "mention these funds," and therefore

---

[2]  The IU Pension Surcharge and IMI refer to two funds in Plaintiffs' audit report that are not parties to this action.

she could not conclude that "such funds are covered by the LMRA and, by extension, cannot find Defendant liable for claimed deficiencies to such funds." (*Id.*) Judge Scanlon instructed Plaintiffs to "file a proposed form of judgment, consistent with this [R&R]. . . ." (*Id.* at 15 n.15.) On August 29, 2025, Plaintiffs filed the updated proposed judgement. (Proposed Form of J., Docket Entry No. 24). On January 30, 2026, Judge Scanlon issued the Supplemental R&R recommending that the Court enter judgment against Defendant as set forth in the proposed form of judgment attached to the R&R. Judge Scanlon noted that she relied upon "the supplemental audits provided by Plaintiffs' auditor" which "inexplicably var[ied] slightly" from those set forth in the proposed form of judgment that Plaintiff submitted. (Supplement R&R 2–3.)

No objections to the R&R have been filed and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999)) (same). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Johnson v. Chappius*, No. 24-1225, 2025 WL 999674, at *4 (2d Cir. Apr. 3, 2025) (summary order) ("But 'when a party fails to object timely to a magistrate [] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022))); *Miller*, 43 F.4th at 120 ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting

3

*Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and the Supplemental R&R and, finding no clear error, adopts the R&R and the Supplemental R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

For the foregoing reasons, the Court adopts the R&R and Supplemental R&R. Plaintiffs' motion is granted as to all of the relief requested in accordance with the proposed judgment attached as Exhibit A to the Supplemental R&R. The Clerk of Court is directed to calculate interest on the delinquent contributions, enter judgment and close this case.

Dated: March 4, 2026
    Brooklyn, New York

4

SO ORDERED:


       /s/MKB       
MARGO K. BRODIE
United States District Judge